+



NUMBER 13-11-00424-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

MARLON JERMAINE PUGH,                                        Appellant,

v.

THE STATE OF TEXAS,                                         Appellee.

### On appeal from the Criminal District Court
### of Jefferson County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Vela, and Perkes
### Memorandum Opinion by Justice Rodriguez

Appellant Marlon Jermaine Pugh appeals from his conviction for the offense of failure to comply with sex-offender registration requirements. *See* TEX. CODE CRIM. PROC. ANN. art. 62.102(a), (b)(2) (West 2006). Pugh pleaded guilty to the offense and was sentenced to ten years' community supervision and assessed a $1,000 fine.

Approximately nineteen months after his plea and sentence, the trial court determined that Pugh had violated the terms of his community supervision. The court revoked Pugh's probation and sentenced him to ten years in the Institutional Division of the Texas Department of Criminal Justice.

Concluding that the appeal in this case "is without merit and is frivolous," counsel filed an *Anders* brief in which he reviewed the merits, or lack thereof, of the appeal. We affirm as modified.

## I. COMPLIANCE WITH *ANDERS V. CALIFORNIA*

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), Pugh's court-appointed appellate counsel has filed a brief with this Court, stating that he has "diligently reviewed the entire appeal record in this case and the law applicable thereto" and in his professional opinion, he "can perceive no arguably meritorious issues from the records in this cause." After discussing the revocation plea and proceeding, in particular, counsel concludes that "the record reflects no reversible error . . . [and] there are no grounds upon which an appeal can be predicated." *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), Pugh's counsel has, thus, carefully discussed why, under controlling

authority, there are no errors in the trial court's judgment. Counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance on appeal, (2) served a copy of the record, the brief, and counsel's motion to withdraw on Pugh, and (3) informed Pugh of his right to review the record and to file a pro se response within thirty days.[1]  *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23.

Pugh filed a pro se brief on September 12, 2011. When appellate counsel files an *Anders* brief and the appellant independently files a pro se brief, the court of appeals has two choices: "[i]t may determine that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error. Or, it may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We are not required to review the merits of each claim raised in an *Anders* brief or a pro se response—rather, we must merely determine if there are any arguable grounds for appeal. *Id.* at 827. If we so determine, we must remand for appointment of new counsel. *Id.* Reviewing the merits raised in a pro se brief would deprive an appellant of meaningful assistance of counsel. *Id.* Accordingly, we will independently review the record to determine if there are any arguable grounds for appeal.

## II. INDEPENDENT REVIEW

---

[1]  The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (orig. proceeding) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.—Waco 1997, no pet.)).

The United States Supreme Court has advised appellate courts that upon receiving a "frivolous appeal" brief, they must conduct "a full examination of all the proceedings to decide whether the case is wholly frivolous." *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have carefully reviewed the record, counsel's brief, and Pugh's pro se brief and have found nothing that would arguably support an appeal. *See Bledsoe*, 178 S.W.3d at 826; *Stafford*, 813 S.W.2d at 509. We agree with counsel that the appeal is wholly frivolous and without merit. *See Bledsoe*, 178 S.W.3d at 827-28 ("Due to the nature of Anders briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). The only error in the record is a typographical error in both the trial court's 2009 judgment of conviction and 2011 judgment revoking community supervision. The judgments list the statute for the offense as sections "62.02/62.10 [of the] Penal Code"—no such sections exist. At the time of Pugh's offense, the statute establishing the third-degree felony offense of failure to comply with sex offender registration requirements was Texas Code of Criminal Procedure article 62.102(a) and (b)(2). *See* TEX. CODE CRIM. PROC. ANN. art. 62.102(a), (b)(2). Accordingly, because we have the necessary data and evidence for reformation, we modify the trial court's judgments to reflect the correct article of the code of criminal procedure—article 62.102(a) and (b)(2). *See id.*; *see also Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App .1993). We affirm the judgment of revocation as modified.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, Pugh's attorney has asked this Court for permission to withdraw as counsel for Pugh. *See Anders*, 386 U.S. at 744; *see also In re Schulman*,

4

252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.—Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant.   To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)).   We grant counsel's motion to withdraw that was carried with the case on August 19, 2011.   Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to Pugh and to advise him of his right to file a petition for discretionary review.[2] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 13th
day of October, 2011.

---

[2] No substitute counsel will be appointed.   Should Pugh wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.   Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court.   *See* TEX. R. APP. P. 68.2.   Effective September 1, 2011, any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals.   *See* TEX. R. APP. P. 68.3.   Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4.   *See* TEX. R. APP. P. 68.4.